UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBIE T. CARTER,<br><br>Defendant. | Case No.  cr07-5226 rbl<br><br>DETENTION ORDER |

THIS COURT conducted a detention hearing on April 17, 2007 pursuant to 18 U.S.C. §3142.  The United States of America was represented by AUSA Ronald Friedman.  The defendant was present and represented by his attorney, Russell Leonard.  Also present was Sarah Cavendish, U.S. Pretrial Services Officer.

This Court finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and safety of any other person and the community.  This finding is based on (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including those set forth in 18 U.S.C. §3142(g)(3)(A)(B); and  (4) the nature and seriousness of the danger release would impose to any person or the community.

The parties proceeded at the hearing by way of proffer and argument.  The court considered the

Detention Order
Page - 1

following written documents: U.S. Pretrial Services First Supplemental Pretrial Services Report with attachment (Pretrial Services Report); Motion for Detention and the Indictment.

The Government filed a Motion for Detention invoking the rebuttable presumption against the defendant under 18 U.S.C. §924(c) based on probable cause to believe defendant committed a 10+ year drug offense.  In addition, the Government alleged the defendant was a serious risk of flight and that he posed a risk to the safety of any other person and the community.

**FINDINGS OF FACT**

The defendant is charged in Count I of the Indictment with Possession of Cocaine and Cocaine Base with Intent to Distribute.  The Indictment charges the defendant, in Count II, as being a Felon in Possession of a Firearm.  The Indictment also contains a forfeiture allegation.

The defendant has a 1989 conviction for possession with intent to deliver a controlled substance - cocaine.  He was sentenced to 24 months in prison.  He has a prior conviction in 1996 for carrying a loaded pistol in an auto as well as a 1998 conviction for obstructing a public officer.  Additional convictions are noted in the pre-trial services report but are not repeated herein.

During the pre-trial services interview the defendant advised that he "used cocaine daily for five or six years, but has not used any cocaine in 9 years."  This statement was contradicted with information provided by his girlfriend, who said he had not used cocaine in 2 to 3 years.  This statement is further contradicted by the defendant's statement, following his arrest, in which he admitted to being a user of cocaine and that he had been involved in selling cocaine for about five years.

When the search warrant was executed on the defendant's condominium law enforcement located one pound of cocaine, three scales and other drug related items, as well as a loaded Glock 22 .40 caliber semi-automatic pistol.  They also confiscated approximately $16,000 found in a safe.

The defendant was initially arrested by officers from the Vancouver Police Department and was charged in Clark County, prior to the case being charged in federal court.  The defendant posted significant bail and with that was released on conditions.  He was out of jail on bail for approximately two weeks before being arrested on the federal indictment.  The undersigned notes that there were no reported

violations during that two week period of time.

A criminal records check showed that the defendant is associated with 13 alias names and four social security numbers. Defense counsel advised the Court that the defendant has a twin brother (who was present in court in support of the defendant) and that there has been a confusion of the two brothers names in the past. Accepting that as true, that still does not account for such a significant number of alias names nor does it account for four different social security numbers.

The defendant advised Ms. Cavendish that he had been unemployed the past two months and prior to that he worked in construction. That does not provide an explanation for the significant amount of cash found in the defendant's condominium other than his admission to law enforcement regarding his selling cocaine.

The court does note that the defendant was born in Washington and he has strong family ties in the local community - as evidenced by the presence of his father, mother, twin brother and girlfriend at the detention hearing.

For purposes of this hearing this court finds that this community and its members are at serious risk and danger with regard to the defendant's actions involving distribution of cocaine on a continuous basis for over five years and that his admitted use of cocaine places his safety as well as that of the community at risk. While he does have ties to this community, he faces substantial penalties in federal court. For all the stated reasons, the undersigned concludes that the defendant must be detained pending final resolution of this matter.

**ORDER OF DETENTION**

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant shall be afforded reasonable opportunity for private consultation with counsel.

The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States marshal for the purpose of an appearance in connection with a

1 court proceeding.

2

3         DATED this 17th day of April, 2007.

4

5

6

7                               Karen L. Strombom

8                               United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Detention Order
Page - 4